UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON J. BLACHER, CDCR No. G50077, HCSO No. 2020-23339,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 20-cv-07119-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner, a state prisoner at the Richard J. Donovan Correctional Facility (RJD) in San Diego, California (but temporarily in the custody of Hillsborough County Sheriff's Office (HCSO) pending Florida criminal charges) pursuant to a 2009 conviction and sentence from Contra Costa County Superior Court, has filed a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging various aspects of his 2009 conviction and sentence, including the restitution order imposed by the superior court. His first petition challenging his 2009 conviction and sentence was denied on the merits on September 22, 2015. See Blacher v. McEwen, No. 12-cv-4775-RMW (N.D. Cal. Sept. 22, 2015) (order denying petition for a writ of habeas corpus under § 2254 on the merits).

A second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit and this court is "without power" to entertain his second or successive petition unless he first receives authorization from the Ninth Circuit. Chades v. Hill, 976 F.3d 1055, 1056-57 (9th Cir. 2020). The instant petition accordingly is DISMISSED without prejudice

to refiling if petitioner obtains the necessary order from the Ninth Circuit.[1]

Based on petitioner's affidavit of poverty filed in Blacher v. Pollard, No. 20-cv-07057-CRB, he is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this action..

The clerk is instructed to terminate all pending motions as moot and to close this action.

**IT IS SO ORDERED**.

Dated: December 16, 2020

_____
CHARLES R. BREYER
United States District Judge

---

[1] To the extent petitioner claims RJD officials are unlawfully withdrawing funds from his prison trust account pursuant to an unlawful restitution order, he must bring said claim, if at all, in a civil rights complaint under 42 U.S.C. § 1983. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). He may not challenge a restitution order on federal habeas review. See Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010).

2